# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY L. GATES,** )  ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | No.: 18-cv-4142-JBM |
| **LYNNE SHELTON, et al.,** ) ) | |
| **Defendants.** ) | |

## MERIT REVIEW – FOURTH AMENDED COMPLAINT

Plaintiff, a civil detainee at the Rushville Treatment and Detention Center, proceeds *in forma pauperis* ("IFP") under 28 U.S.C. §1915(a)(1). Section 1915 (a)(1) "is designed to ensure indigent litigants meaningful access to the federal courts." *Christophel v. Brandl,* No. 08-755, 2008 WL 5429658, at *1 (E.D. Wis. Dec. 31, 2008) citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). A court must, however, dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. The Court has determined that Plaintiff's allegations of poverty are true and now reviews the complaint to determine whether it is frivolous, fails to state a claim, or seeks monetary relief against a defendant immune from suit. 28 U.S.C. §1915(e)(2).

On July 25, 2018, Plaintiff filed his initial complaint and, prior to merit review, a motion for leave to file an amended complaint. In the proposed amended complaint, however, Plaintiff merely requested that several additional Defendants be added to his original complaint. The Court denied the request, and, on May 29, 2019, Plaintiff filed a second amended complaint. The Court undertook a merit review of the second amended complaint and dismissed, with leave to refile. [ECF 21].  Plaintiff subsequently filed a third amended complaint, and shortly thereafter, a

1

motion for leave to file a fourth amended complaint. The Court granted the motion and, now, undertakes a merit review of the fourth amended complaint.

When reviewing the fourth amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff is an adherent of the New Orleans Voodoo Hoodoo religion. In his second amended complaint, Plaintiff had asserted First Amendment, Religious Land Use and Institutionalized Person Act (RLUIPA),and Intentional Infliction of Emotional Distress ("IIED")claims against 12 Rushville employees.[1] The Court dismissed the complaint, noting that Plaintiff had failed to identify the religious practices at issue or in what way he had been unable to practice them. Plaintiff was given a final opportunity to amend. [ECF 21].

Plaintiff's fourth amended complaint fares no better as he alleges even sparser facts to support the First Amendment, Eighth Amendment, Fourteenth Amendment, equal protection, due process, and fraud claims. Plaintiff complains, vaguely, that he has had to adjust to sharing a room with another adult man and that this has caused some unidentified hindrance to his religious practice. With little explanation, Plaintiff asserts that he has set up an altar in the shared cell. He fashioned the altar by placing two storage boxes on top of one another. Plaintiff

---

[1] RLUIPA 42 U.S.C. §§ 2000cc-1(a)-(b).

indicates that the altar is 18" x 24" and 10" high. It appears, however, that the altar is near the ladder to the top bunk, allegedly making it "dangerous" to climb onto the upper bunk. Plaintiff, however, is apparently not subject to such danger as, for medical reasons, he has been assigned the lower bunk. Plaintiff had pled in his second amended complaint that he was required to take down his altar several times a day and while he does not reallege that here, he is likely claiming that he must move the altar when his roommate wants access to the top bunk.

That is where the pleading essentially ends. Plaintiff goes on to claim, without context, that in one year he has only been able to practice his religion, "the way that it is called for me too [sic]" 148 out of 365 days. Plaintiff does not identify any specific religious practice he was prevented from following, how he was prevented from following it, or whom he holds accountable. Plaintiff merely pleads collectively against a dozen Defendants, asserting that they "do not have any formal education or a degree in Theology, the study of Religions of the world." He claims that, as a result, he is "not allowed to have a faith…"

Plaintiff also claims that Defendants have perpetrated a fraud as they are "making the decisions on things that, they are not licensed or have any kind of formal education in theology, nor are any of them a Minister or a Priest." Plaintiff provides no information, however, as to the purported decisions which Defendants have made or how they have infringed on his religious freedoms. Plaintiff asks for compensatory damages and injunctive relief, that Defendants be ordered to cease their unidentified violations of Plaintiff's religious rights.

Plaintiff's fourth amendment complaint falls far short of placing any Defendant on notice of the claims against him. The pleading requirements of Fed.R.Civ.P. 8 provide that a petitioner's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Maier v. Wood County Courthouse*, No. 07-580, 2007 WL 3165825, at *2

(W.D. Wis. Oct. 24, 2007) citing *Higgs v. Carver*, 286 F.3d 437, 429 (7th Cir.2002). This provision is intended to ensure that a defendant has enough notice of the claim against him that he can file an answer. *Maier*, 2007 WL 3165825, at *2. Plaintiff has failed to do this, despite the Court's clear instructions in the prior merit review order.

The complaint will be dismissed with prejudice for failure to state a claim and Plaintiff will not be given an opportunity to file a fifth amended complaint.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's fourth amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff cannot plead a colorable constitutional claim under the alleged facts. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

 5/21/2020                                                      s/Joe Billy McDade
ENTERED                                           JOE BILLY McDADE
                                                      UNITED STATES DISTRICT JUDGE